## Case No. 3,622.

### DAVIS v. ABBOTT et al.

[2 McLean, 29.][1]

Circuit Court, D. Michigan. Oct. Term, 1839.

PARTNERSHIP NOTE—ACTION ON—PLEADING.

1. Where a note was given by Abbott and Layton, it is unnecessary, in the declaration, to aver a partnership.

2. The instrument shows a joint liability; and the declaration states the names of the defendants in full, and alleges that they, by the name and description of Abbott and Layton, executed the note. This, though not very technical, is sufficient.

[Action by Thomas A. Davis against Charles H. Abbott and Sedurcy M. Layton.]

---

[1] [Reported by Hon. John McLean, Circuit Justice.]

OPINION OF THE COURT. This action is founded upon a promissory note. The declaration states, that on the 22d October, 1838, the defendants, by the name and description of Abbott and Layton, made and signed their promissory note for the payment of six hundred sixty nine dollars and thirty two cents. &c. The defendants demurred to this count in the declaration, and for cause of demurrer stated, that in the count it is averred the defendants made the note in the name and description of Abbott and Layton, without stating a partnership, &c. The averment of a partnership, where the instrument, on which the action is founded, shows a joint liability, is unnecessary. The defendants assumed the name of Abbott and Layton; and the declaration avers that the note was thus executed by them; and if the proof shall sustain this averment, it will show a right of recovery in the plaintiff. The suit is not brought against Abbott and Layton without any further designation, but the Christian names of the defendants are stated, and the averment is, that these persons, so named, gave the instrument in the name and description of Abbott and Layton. This averment, we think, is sufficient. It may not be very technical, but it leads to no uncertainty, and is substantially good. Why need a partnership be alleged when the instrument shows it, and the declaration, also, states the names of the defendants in full? Whether a partnership could be proved, under this averment, and then that one of the partners signed the name of the firm, does not arise, because, the proof offered is, that both defendants acknowledged that the signatures to the note were their own proper signatures. The demurrer to the first count is overruled.